IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT VINCENT GADSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 03-154-JJF |
| U.S. ARMY SECRETARY, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

**I.  BACKGROUND**

Plaintiff Robert Gadson ("Plaintiff"), an inmate at FMC Devens, Ayer, Massachusetts, is a frequent filer.  When he filed this Complaint on January 30, 2003, he sought in forma pauperis status.  On February 12, 2003, his request was denied on the basis that while incarcerated, he had filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.  (D.I. 4); See 28 U.S.C. § 1915(g).  Plaintiff was given thirty days to pay the filing fee, but failed to do so, and the case was closed on March 25, 2003.

In July 2004, Plaintiff moved to reopen the case, and the Motion was denied on December 1, 2004.  (D.I. 9, 10.)  Four years later, he now seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b)(b).  (D.I. 11.)  His nonsensical Motion claims he is "innocent" and he asks for relocation to Delaware to set up a church and a small business grant or loan for one million

dollars.

## II. STANDARD

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is a catch-all provision that allows relief for any reason justifying relief from the operation of the judgment." United States v. Witco Corp., 76 F. Supp. 2d 519, 527 (D. Del. 1999). It is within the sound discretion of the trial court to grant or deny relief under this section. Lasky v. Continental Products Corp., 804 F.2d 250, 256 (3d Cir. 1986).

The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (internal citations and quotations omitted); see also Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)

("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.") Finally, Rule 60(b)(6) generally requires the movant to make "a more compelling showing of inequity or hardship" than would normally be required to reopen a case under any one of the first five subsections of Rule 60(b). Project Mgmt. Inst., Inc. v. Ireland, 144 Fed. Appx. 935 n.1 (3d Cir. 2005).

Under Rule 60(b)(6), the motion must be made within a reasonable time. See Fed. R. Civ. P. 60(b)(6); Moolenaar v. Government of Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). What constitutes a reasonable time depends upon the circumstances of each case. Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir. 1959). The Court takes into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice if any to other parties in determining reasonableness. Dietsch v. United States, 2 F. Supp. 2d 627, 633 (D.N.J. 1988) (citing Kagan v. Caterpillar Tractor, 795 F.2d 601, 610 (7th Cir. 1986)) (other citations omitted).

### III.  DISCUSSION

Plaintiff fails to assert a cognizable ground for reopening his 1999 case under Rule 60(b)(6), and his claim is brought well beyond the bounds of the "reasonable time" requirement. For

reasons unknown, Plaintiff waited until nearly four years after the Court denied his Motion To Reopen the case to file the instant Motion. He provides no reason for his delay in filing the Rule 60(b) Motion. Without compelling justification, such a delay is not reasonable under the rule. See Moolenaar v. Government of the Virgin Islands, 822 F.2d at 1348 (finding 60(b)(6) motion brought almost two years after to be untimely); Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 913 n.7 (3d Cir. 1977)(reversing grant of 60(b)(6) motion and expressing doubts that reasonable time requirement was met when district court granted motion two and a half years after the disputed order was entered); Dietsch, 2 F. Supp. 2d at 633 (finding that 60(b) motion filed more than two years after contested order was not within a reasonable time); United States v. Real Property Located at 1323 South 10th Street, Philadelphia, No. 91-5848, 1998 WL 470161, *2 (E.D. Pa. Aug. 11, 1998) (finding four year delay unreasonable).

    Reviewing the facts of this case, Plaintiff's failure to provide any adequate reason for his delay in filing the pending motion, the interest in finality, and prejudice to Defendants, the Court finds that Plaintiff did not file his Rule 60(b)(6) Motion within a reasonable time as required by Rule 60(b)(6). Moreover, he has not presented extraordinary circumstances to warrant granting his Motion. Choi v. Kim, 258 Fed. Appx. 413,

416 (3d Cir. 2007). For the above reasons, the Court will deny Plaintiff's Motion. (D.I. 11.) **Plaintiff is placed on notice that future similar motions will be summarily denied.**

### IV. CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED that the Rule 60(b)(6) Motion For Relief From Judgment is **DENIED**. (D.I. 11.)

\_\_11-24-08_____
DATE                                    UNITED STATES DISTRICT JUDGE